IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: ) | | Chapter 7 |
| ) | | |
| SYNOVA HEALTHCARE, INC., et al.,[1] ) | | Case No. 07-11889 (CSS) |
| ) | | |
| Debtors. ) | | (Jointly Administered) |
| ) | | |

## *AMENDED* ORDER (1) APPROVING SALE OF SUBSTANTIALLY ALL OF DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES; (2) APPROVING ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS AND LEASES; AND (3) GRANTING RELATED RELIEF

This matter came before the Court on the *Motion of Jeoffrey L. Burtch, Chapter 7 Trustee, to: (I) Establish Procedures to Govern the Sale of the Debtors' Assets Through Public Auction; (II) Approve the Assumption and Assignment of Unexpired Leases and Executory Contracts Designated by the Buyers; and (III) Approve the Sale of the Debtors' Assets Free and Clear of Liens, Claims and Encumbrances* (the "Sale Motion"). Pursuant to the Sale Motion, the Chapter 7 Trustee of the above-captioned debtors and debtors in possession (collectively, the "Debtors") sought, *inter alia*, an order authorizing the sale of substantially all the assets (the "Sale") of the Debtors to the highest and best bidder ("Purchaser"), free and clear of all liens, claims, interests and encumbrances pursuant to Sections 105, 363 and 365 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (the assets to be sold being more fully described in and collectively defined in the Asset Purchase Agreement, a true and correct copy of which is annexed hereto as Exhibit "A" and incorporated

---

[1] The Debtors in their jointly administered cases are Synova Healthcare, Inc.; Synova Pre-Natal Healthcare, Inc.; Allendale Pharmaceuticals, Inc.; Todays Womencare Company; and Synova Healthcare Group, Inc. (the "Debtors").

herein by reference (the "Purchase Agreement"), and herein after referred to as the "Purchased Assets").

On February 19, 2008, the Court entered its *Order Establishing Notice, Bid and Auction Procedures to Govern the Sale of Substantially all of the Debtors' Assets and Granting Related Relief* (the "Bid Procedures Order"), authorizing the Trustee to proceed with the sale procedures set forth therein (the "Bid Procedures") and the form of notice of the hearing on the Sale Motion.

The Court, having conducted a hearing on the Sale Motion of April 11, 2008 (the "Sale Hearing"); and all parties in interest having been heard, or having had the opportunity to be heard, regarding approval of the Purchase Agreement, and the transactions and other, ancillary agreements contemplated thereby, including the Settlement Agreement and Royalty Agreement, both as defined in the Purchase Agreement (the "Transactions"); and the Court having reviewed and considered the Sale Motion and objections thereto, and the arguments of counsel made, and the evidence adduced, at the Sale Hearing; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest; and upon the record of the Sale Hearing and these chapter 7 cases and after due deliberation thereon, and good cause appearing therefore; **THE COURT HEREBY FINDS, DETERMINES AND CONCLUDES THAT:**

A. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent any of the following findings of fact are determined to be conclusions of law, they are adopted, and shall be construed and deemed, conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted, and shall be construed and deemed, as findings of fact.

B.  The court has jurisdiction to hear and determine the Sale Motion and to grant the relief requested in the Sale Motion pursuant to 28 U.S.C. § 1334(b). Venue of these cases and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

C.  The statutory predicates for the relief requested in the Sale Motion are Sections 105, 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9014 and 9019.

D.  As evidenced by the affidavits of service filed with the Court, written notice of the Sale Hearing was transmitted to: (a) the Office of the United States Trustee; and (b) to (i) the creditors holding the largest claims in these Chapter 7 Cases; (ii) the persons known to the Debtors to possess and/or exercise any control over any of the Purchased Assets; (iii) the persons known to the Debtors to assert any rights in any of the Purchased Assets; (iv) all applicable federal, state and local tax authorities with jurisdiction over the Debtors and/or the Purchased Assets; (v) any known party that has expressed a bona fide interest in writing to the Debtors regarding any purchase of the Purchased Assets and (vi) all entities that have requested notice in the Debtors' chapter 7 cases.

E.  Based upon the affidavits of service filed with the Court; (a) notice of the Sale Motion, the Bid Procedures, the Bid Procedures Order, the Sale Hearing and of the Trustee's intention to assume and assign certain executory contracts, was adequate and sufficient under the circumstances of these chapter 7 cases and these proceedings and complied with the various applicable requirements of the Bankruptcy Code and the Bankruptcy Rules; and (b) a reasonable opportunity to object and be heard with respect to the Sale Motion and the relief requested herein

3

was afforded to all interested persons and entities.

F.  The Purchased Assets are property of the Debtors' estates and title thereto is vested in the Debtors' estates.

G.  The Bid Procedures were substantively and procedurally fair to all parties.

H.  The Trustee and his professionals marketed the Purchased Assets and conducted the sale process in accordance with the Bid Procedures. The Debtors provided notice of the sale of the Purchased Assets to Purchaser to each of the entities that previously expressed a bona fide interest in the Purchased Assets or the Business. Based upon the record of these proceedings, all creditors, all other parties-in-interest and all prospective purchasers have been afforded a reasonable and fair opportunity bid for the Purchased Assets.

I.  Subsequent to an auction held on March 27, 2008, the Trustee determined that the highest and best Qualified Bid was that of Purchaser.

J.  Subject to the entry of this Order, the Trustee (i) has full power and authority to execute the Purchase Agreement and all other documents contemplated thereby, and the sale of the Purchased Assets by the Trustee has been duly and validly authorized, and (ii) has all of the power and authority necessary to consummate the Transactions contemplated by the Purchase Agreement. No consents or approvals, other than those expressly provided for in the Purchase Agreement or this Order, are required for the Trustee to Close the Sale and consummate the transactions.

K.  Entry into the Purchase Agreement and consummation of the Transactions constitute the exercise by the Trustee of sound business judgment and such acts are in the best

4

interests of the Debtors, their estates and creditors, and all parties in interest.

L. The Purchase Agreement and the Transactions were negotiated and have been and are undertaken by the Trustee and Purchaser at arms' length without collusion or fraud, and in good faith within the meaning of Section 363(m) and (n) of the Bankruptcy Code. An auction was conducted in accordance with the Bid Procedures Order on March 27, 2008, at which Purchaser was declared the highest and best bidder. The auction was conducted at arms' length and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. As a result of the foregoing, the Purchaser is entitled to the protections of Section 363(m) of the Bankruptcy Code. Moreover, neither the Trustee nor Purchaser engaged in any conduct that would cause or permit the Purchase Agreement, the consummation of the Transactions or the assumption and assignment of any assumed executory contracts to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code.

M. The total consideration provided by Purchaser for the Purchased Assets is the highest and best offer received by the Trustee, and the Purchase Price constitutes (a) reasonably equivalent value under the Bankruptcy Code and Uniform Fraudulent Transfer Act, (b) fair consideration under the Uniform Fraudulent Conveyance Act, and (c) reasonably equivalent value, fair consideration and fair value under any other applicable laws of the United States, any state, territory or possession, or the District of Columbia ((a), (b) and (c) collectively, "Value"), for the Purchased Assets.

N. The Trustee may sell the Purchased Assets free and clear of all liens, claims, interests and encumbrances, because, with respect to each creditor asserting a lien, claim or interest, one or more of the standards set forth in Bankruptcy Code § 363(f)(1)-(5) has been

satisfied. Those holders of liens, claims, interests and encumbrances who did not object or who withdrew their objections to the Sale or the Sale Motion are deemed to have consented to the Sale Motion and Sale pursuant to Bankruptcy Code § 363(f)(2). Those holders of liens, claims, interests and encumbrances who did object fall within one or more of the other subsections of Bankruptcy Code § 363(f).

O. Except as otherwise expressly provided in the Purchase Agreement, the transfer of the Purchased Assets to Purchaser will be a legal, valid, and effective transfer of the Purchased Assets, and will vest Purchaser with all right, title, and interest of the Debtors to the Purchased Assets free and clear of all liens, claims, interests and encumbrances, including, but not limited to, all claims arising under doctrines of successor liability.

P. Approval of the Purchase Agreement and assumption, assignment, and sale of each of the assumed executory contracts, and consummation of the Sale of the Purchased Assets at this time are in the best interests of the Debtors, their creditors, their estates, and all parties in interest. Time is of the essence in consummating the Sale. In order to maximize the value of the Debtors' assets, it is essential that the sale of the Purchased Assets occur within the time constraints set forth in the Purchase Agreement. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004 and 6006.

Based upon all of the foregoing, and after due deliberation, **THE COURT ORDERS, ADJUDGES, AND DECREES THAT**:

1. The relief requested in the Sale Motion is granted in the manner and to the extent provided therein.

2. All objections and responses concerning the Sale Motion, are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing; and to

the extent any such objection or response was not otherwise withdrawn, waived or settled, it is, and all reservations of rights or relief requested therein, overruled and denied.

3. The Purchase Agreement, the Transactions, and the Sale of the Purchased Assets to Purchaser, are hereby approved and authorized in all respects.

4. Pursuant to Sections 105, 363(b) and 363(f) of the Bankruptcy Code, upon the Closing Date, under the Purchase Agreement, the Purchased Assets, except any assumed leases, shall be transferred to Purchaser free and clear of (i) all liens, claims, interests and encumbrances, (ii) any restriction on the use, voting, transfer, receipt of income or other exercise of any attributes of ownership of the Purchased Assets, and (iii) any claim, whether arising prior to or subsequent to the commencement of these bankruptcy cases, arising under doctrines of successor liability.

5. Except as expressly provided in the Purchase Agreement, Purchaser is not assuming nor shall it or any affiliate of Purchaser be in any way liable or responsible, as a successor or otherwise, for any liabilities, debts, or obligations of the Debtors in any way whatsoever relating to or arising from the Debtors' ownership or use of the Purchased Assets prior to the consummation of the transactions contemplated by the Purchase Agreement, or any liabilities calculable by reference to the Debtors or their operations or the Purchased Assets, or relating to continuing or other conditions existing on or prior to the Closing Date, which liabilities, debts, and obligations are hereby extinguished insofar as they may give rise to liability, successor or otherwise, against Purchaser or any affiliate of the Purchaser.

6. The consideration provided by Purchaser for the Purchased Assets under the Purchase Agreement, is fair and reasonable and shall be deemed for all purposes to constitute Value under the Bankruptcy Code and any other applicable law, and the Sale may not be

avoided, or costs or damages imposed or awarded, under Section 363(n), or any other provision of the Bankruptcy Code.

7. The Transactions are undertaken by Purchaser in good faith, and Purchaser is a purchaser in good faith of the Purchased Assets as that term is used in Section 363(m) of the Bankruptcy Code and Purchaser is entitled to all of the protections afforded by Section 363(m) of the Bankruptcy Code; accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale of the Purchased Assets to Purchaser (including the assumption, assignment, and sale of assumed executory contracts), unless such authorization is duly stayed pending such appeal.

8. Pursuant to sections 105, 363 and 365 of the Bankruptcy Code, the Trustee and the Purchaser are each hereby authorized and directed to take any and all actions necessary or appropriate to: (i) consummate the sale of the Purchased Assets to Purchaser (including, without limitation, to convey to Purchaser any and all of the Purchased Assets intended to be conveyed) and the Closing of the Transactions in accordance with the Sale Motion, the Purchase Agreement and this Order; and (ii) perform, consummate, implement and close fully the Purchase Agreement together with all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement, including, without limitations, take all actions and execute all documents reasonably necessary or appropriate to effectuate any obligations under the Purchase Agreement and to execute and deliver such other documents and take such other actions as are necessary to effectuate the transactions contemplated by the Purchase Agreement.

9. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the Transactions. No brokers were involved in consummating the

Sale or the Transactions, and no brokers' commissions are due to any person or entity in connection with the Sale or the Transactions.

10. Upon the Closing, (a) the Trustee is hereby authorized and directed to consummate, and shall be deemed for all purposes to have consummated, the sale, transfer and assignment of the Purchased Assets to Purchaser free and clear of any and all liens, claims, interests and encumbrances, and (b) except as otherwise expressly provided in the Purchase Agreement, all such liens, claims, interests and encumbrances shall be and hereby are released, terminated and discharged as to the Purchaser and the Purchased Assets.

11. Upon the Closing, and except as otherwise expressly provided in the Purchase Agreement, Purchaser shall not be liable for any Claims against, and liabilities and obligations of, the Debtors or any of the Debtors' predecessors or affiliates. Without limiting the generality of the foregoing, and except as otherwise expressly provided in the Purchase Agreement, (a) Purchaser shall have no liability or obligation to pay wages, bonuses, severance pay, benefits (including, without limitation, contributions or payments on account of any under-funding with respect to any pension plans) or make any other payment to employees of the Debtors, (b) Purchaser shall have no liability or obligation in respect of any collective bargaining agreement, employee pension plan, employee health plan, employee retention program, employee incentive program or any other similar agreement, plan or program to which any Debtors are a party (including, without limitation, liabilities or obligations arising from or related to the rejection or other termination of any such plan, program, agreement or benefit), (c) Purchaser shall in no way be deemed a party to or assignee of any such employee benefit, agreement, plan or program, (d) and all parties to any such employee benefit, agreement, plan or program are enjoined from asserting against Purchaser any Claims arising from or relating to such employee benefit,

agreement, plan or program.

12. Purchaser shall not be deemed a successor of or to the Debtors or the Debtors' estates with respect to any liens, claims, interests and encumbrances against the Debtors or the Purchased Assets, and Purchaser shall not be liable in any way for any such liens, claims, interests and encumbrances. Upon the Closing of the Sale, all creditors, employees and equity holders of the Debtors are permanently and forever barred, restrained and enjoined from (a) asserting any Claims or enforcing remedies, or commencing or continuing in any manner any action or other proceeding of any kind, against Purchaser or the Purchased Assets on account of any of the liens, claims, interests and encumbrances, or (b) asserting any Claims or enforcing remedies under any theory of successor liability, *de facto* merger, or substantial continuity.

13. On the Closing Date, this Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of all of the Purchased Assets or a bill of sale transferring good and marketable title in such Purchased Assets to Purchaser on the Closing Date pursuant to the terms of the Purchase Agreement.

14. This Order (a) is and shall be effective as a determination that, upon Closing, all liens, interests and encumbrances existing as to the Purchased Assets conveyed to Purchaser have been and hereby are adjudged and declared to be unconditionally released, discharged and terminated, and (b) is and shall be binding upon and govern the acts of all entities, including, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state and local officials and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file register or otherwise record or release any documents or instruments, or who may be required to report or


insure any title or state of title in or to any of the Purchased Assets conveyed to Purchaser. All such entities described above in this paragraph are authorized and specifically directed to strike all recorded liens, interests and encumbrances against the Purchased Assets from their records, official and otherwise and including, without limitation, those liens, interests and encumbrances listed in the applicable schedules to the Purchase Agreement.

15. If any person or entity, which has filed statements or other documents or agreements evidencing liens, interests and encumbrances on or in the Purchased Assets shall not have delivered to the Trustee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of liens, interests and encumbrances, and any other documents necessary for the purpose of documenting the release of all liens, interests and encumbrances which the person or entity has or may assert with respect to the Purchased Assets, the Trustee and Purchaser are hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of such person or entity with respect to the Purchased Assets.

16. Each and every federal, state and governmental agency or department, and any other person or entity, is hereby authorized to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

17. Except as otherwise provided in the Purchase Agreement, any and all Purchased Assets in the possession or control of any person or entity, including, without limitation, any former vendor, supplier or employee of the Debtors shall be transferred to Purchaser free and clear of liens, claims, interests and encumbrances and shall be delivered at the time of closing to Purchaser.

18. This Order and the Purchase Agreement (except as otherwise provided in the Settlement Agreement) shall be binding in all respects upon all creditors and equity holders of any of the Debtors, all non-debtor parties to the assumed executory contracts, all successors and assigns of the Debtors and their affiliates and subsidiaries, and any trustees, examiners, and the Purchase Agreement shall not be subject to rejection or avoidance under any circumstances.

19. The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended or supplemented by the parties thereto, in writing, signed by the parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

20. Purchaser is directed to abide by the Debtors' existing privacy policies with respect to personally identifiable information as that term is used in Bankruptcy code Section 363(b)(1), and this Court shall retain jurisdiction over Purchaser's further compliance with the requirements of such Section 363(b)(1).

21. Pursuant to Bankruptcy Rules 7026, 9014 and 6004(h), this Order shall be effective immediately upon entry, and any stay of orders provided for in Bankruptcy Rules 6004(h), 6006(d) and any other provision of the Bankruptcy Code or Bankruptcy Rules is expressly lifted.

22. The provisions of this Order are nonseverable and mutually dependent.

23. To the extent permitted by section 525 of the Bankruptcy Code, no governmental unit may revoke or suspend any permit relating to the operation of the Purchased Assets sold, transferred or conveyed to Purchaser on account of the filing or pendency of these Chapter 7 cases or the consummation of the Sale.

24. Each and every federal, state and local government agency or department is authorized to accept any and all documents and instruments necessary and appropriate to consummate the transfer of any of the Purchased Assets.

25. The failure specifically to include or make reference to any particular provisions of the Purchase Agreement in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Purchase Agreement is authorized and approved in its entirety.

26. The Court retains jurisdiction, even after the closing of chapter 7 cases, to: (1) interpret, implement and enforce the terms and provisions of this Order (including the injunctive relief provided in this order) and the terms of the Purchase Agreement, all amendments thereto and any waivers and consents thereunder; (2) protect Purchaser, or any of the Purchased Assets, from and against any of the liens, claims, interests and encumbrances; (3) compel delivery of all Purchased Assets to Purchaser; and (4) resolve any disputes arising under or related to the Purchase Agreement, the Sale or the Transactions, or Purchaser's peaceful use and enjoyment of the Purchased Assets.

Dated: April 15, 2008

Honorable Christopher S. Sontchi
United States Bankruptcy Judge